**Budi SANTOSA, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–73102.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 10, 2005.*

Decided Jan. 18, 2005.

Budi Santosa, Providence, RI, pro se.

Regional Counsel, Western Region, Laguna Niguel, CA, WWS–District Counsel, Immigration and Naturalization Service Office of the District Counsel, James A. Hunolt, Esq., Sergio A. O'Cadiz, U.S. De-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

partment of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BEEZER, HALL and SILVERMAN, Circuit Judges.

MEMORANDUM **

Budi Santosa, an ethnic Chinese and citizen of Indonesia, petitions pro se for review of the Board of Immigration Appeals' ("BIA") decision affirming the immigration judge's denial of his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252(a). We deny the petition.

Substantial evidence supports the BIA's denial of Santosa's request for asylum because Santosa's experiences with discrimination and witnessing anti-Chinese riots do not demonstrate that he has suffered past persecution or has a well-founded fear of future persecution if returned to Indonesia. *See Nagoulko v. INS*, 333 F.3d 1012, 1016–18 (9th Cir.2003); *cf. Sael v. Ashcroft*, 386 F.3d 922, 927–29 (9th Cir.2004).

Because Santosa fails to satisfy the standard for asylum, he necessarily fails to satisfy the more stringent standard for withholding of removal. *See Khourassany v. INS*, 208 F.3d 1096, 1101 (9th Cir.2000).

Substantial evidence also supports the BIA's denial of relief under the CAT because the record does not indicate that it is "more likely than not" that Santosa would be tortured if removed to Indonesia. *See*

*Gui v. INS*, 280 F.3d 1217, 1230 (9th Cir. 2002).

Santosa's due process contention fails because the BIA opinion provides an individualized review of his claim. *See Ghaly v. INS*, 58 F.3d 1425, 1430 (9th Cir.1995).

**PETITION FOR REVIEW DENIED**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

